IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| DAVID LUKELA KAWELO, SR., ROCHELLE NOHEA KAWELO,<br><br>Plaintiffs,<br><br>v.<br><br>JP MORGAN CHASE BANK, *et al.*,<br><br>Defendants. | Case No. 19-cv-00598-DKW-WRP<br><br>**ORDER (1) GRANTING IN PART AS CONSTRUED MOTION FOR EXTENSION OF TIME, AND (2) HOLDING IN ABEYANCE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION** |

This matter comes before the Court with the filing of the assigned Magistrate Judge's Findings and Recommendation (F&R) to dismiss this case without prejudice for failure to serve pursuant to Federal Rule of Civil Procedure 4(m). Dkt. No. 8. Fifteen days after entry of the F&R, Plaintiffs David Lukela Kawelo, Sr. and Rochelle Nohea Kawelo (collectively, Plaintiffs or the Kawelos) filed an Affidavit, in which, among other things, they requested both a 120-day and a 180-day extension to serve their complaint. Dkt. No. 9. The Court, therefore, liberally construes the pro se Affidavit as both an objection to the F&R and a motion to extend the time to serve the complaint. For the following reasons, the Plaintiffs' request for additional time to serve is GRANTED IN PART.

Rule 4(m) provides that, if a defendant is not served within 90 days after filing of a complaint, the court (after notice to the plaintiff) must dismiss the action without prejudice against the unserved defendant or order that service be made within a specified time. Fed.R.Civ.P. 4(m). Rule 4(m) further provides, however, that, if the plaintiff shows "good cause" for the lack of service, the court must extend the time to serve "for an appropriate period." *Id*. The Ninth Circuit Court of Appeals has described "good cause" as requiring, at a minimum, "excusable neglect." *Elec. Specialty Co. v. Road & Ranch Supply, Inc.*, 967 F.2d 309, 312 (9th Cir. 1992) (quotation omitted).

Here, Plaintiffs have failed to show good cause or excusable neglect for their failure to serve the defendants. In the Affidavit, Plaintiffs assert the following. On November 1, 2019, this case was filed. Plaintiffs asked a friend, DeAndre Bobo (Bobo), to serve three of the corporate defendants in this case. Around November 5, 2019, Bobo informed Plaintiffs that the three corporate defendants had been served and two individual defendants would be served within a week. On November 13, 2019, Plaintiffs received a telephone call from an in-house attorney for "Defendant Chase" "to see if we can reach an amicable resolution" of this case. Unbeknownst to Plaintiffs, however, Bobo had not properly served the defendants. Although Plaintiffs attempted to contact Bobo, their efforts were to

no avail until roughly January 27, 2020, when they learned that Bobo had left the State of Hawaiʻi.  Further, starting on February 5, 2020 and running through May 10, 2020, Plaintiffs experienced 10 deaths in their family.  Plaintiffs have struggled to deal with the deaths, the coronavirus pandemic, and their computer system "to help prepare [their] responses" in this case.

While the foregoing may arguably reflect excusable neglect up until the time that Plaintiffs learned that Bobo had left Hawaiʻi, at that time they knew that Bobo would not serve the defendants.  Despite that, in the nearly four months since, Plaintiffs have failed to serve the defendants or even provide any indication that they have attempted to serve the defendants, such as by hiring a new process server.  While the Court acknowledges that the Kawelos assert they have suffered many deaths in their family since January 27, 2020, they fail to explain how dealing with those deaths prevented them from, for example, contacting another process server.  As for the alleged issues with the Kawelos "computer system," that too does not explain why the defendants could not be served.  Rather, at most, as the Kawelos concede, that issue may have affected their ability to respond to orders entered in this case.[1]   The same is true for the coronavirus pandemic.  The

---

[1] For example, the Kawelos failed to respond to the Magistrate Judge's Deficiency Notice and Order Regarding Service of Defendants.  Dkt. No. 7.  The Court does not find, though, that the alleged issue with the Kawelos computer system, an issue which is not specifically identified,

Kawelos provide no explanation how the same has prevented them from even attempting to serve any of the defendants for nearly four months.

Nonetheless, although Plaintiffs have failed to show good cause for the failure to serve, a court *may* grant an extension of time "even in the absence of good cause." *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). Here, while it is at least debatable whether Plaintiffs are entitled to any extension of time to serve, taking into account the factors highlighted by the Ninth Circuit, *see id*. at 1041, the Court will allow Plaintiffs a short extension of time to serve all of the defendants in this case.

Specifically, Plaintiffs may have **fourteen (14) days from service of this Order** to file proof with the Court that each defendant named in the complaint has been served.² As such, Plaintiffs' request for an extension to serve is GRANTED IN PART and DENIED IN PART. Pending Plaintiffs' service of the defendants (if any), the Court will hold in abeyance the F&R. Plaintiffs are forewarned that,

---

justified their failure to file any response to the Magistrate Judge's order, particularly when they had more than a month to do so.

²The Court notes that, in the Affidavit, Plaintiffs assert that Bobo was asked to serve three corporate defendants and then two individual defendants. However, by the Court's reading of the caption of the complaint, there are at least **four** corporate defendants named therein. Specifically, the complaint appears to list the following corporate entities: (1) JP Morgan Chase Bank, National Association; (2) Chase Home Finance; (3) MERS (Mortgage Electronic Registration Systems); and (4) Alridge Pite LLP. While Plaintiffs presumably have a better understanding of whom they intended to name in their complaint, the Court simply reiterates that **each** defendant named in the complaint must be served if Plaintiffs wish to pursue a claim against any such defendant.

should they fail to serve each of the defendants within fourteen (14) days of service of this Order, the F&R may be adopted and this case dismissed without prejudice for failure to serve.

IT IS SO ORDERED.

Dated: May 21, 2020 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*David Lukela Kawelo Sr et al v. JP Morgan Chase Bank et al*; Civil No. 19-00598 DKW-WRP; **ORDER (1) GRANTING IN PART AS CONSTRUED MOTION FOR EXTENSION OF TIME, AND (2) HOLDING IN ABEYANCE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION**