IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| DAVID LUKELA KAWELO, SR., and ROCHELLE NOHEA KAWELO, | Case No. 19-cv-00598-DKW-WRP |
| Plaintiffs, | **ORDER (1) GRANTING DEFENDANTS' MOTIONS TO DISMISS, AND (2) DISMISSING CASE WITHOUT LEAVE TO AMEND** |
| vs. | |
| JP MORGAN CHASE BANK, *et al.*, | |
| Defendants. | |

Plaintiffs David Lukela Kawelo, Sr. and Rochelle Nohea Kawelo

(collectively, "the Kawelos" or "Plaintiffs") seek, among other things, to quiet title

to real property in Waianae, Oahu, Hawaii.   In two motions to dismiss, various

Defendants argue that this case should be dismissed as barred by the

*Rooker-Feldman* doctrine, res judicata, and applicable statutes of limitation.   The

Court agrees.   In addition, as more fully set forth below, because the record reflects

that any amendment of the Complaint would be futile, dismissal is without leave to

amend.

## PROCEDURAL BACKGROUND

On November 1, 2019, Plaintiffs filed a Complaint against Defendants

JPMorgan Chase Bank, N.A. (JPMC), Chase Home Finance (CHF), Mortgage

Electronic Registration Systems (MERS), Zachary K. Kondo, Aldridge Pite LLP

(AP), and Cui Mei Ho.[1]   Dkt. No. 1.   In their Complaint, the Kawelos set forth the following claims: (1) "wrongful sale of subject property"; (2) fraud; (3) unfair or deceptive acts or practices; (4) fraud; (5) breach of contract and failure to act in good faith;[2] (6) unjust enrichment; (7) mistake; (8) "Hawaii Bureau of Conveyance Regulations Violations"; (9) "improper restrictions resulting from securitization leaves note and mortgage unenforceable"; (10) "wrongful conversion of note – violation of the securitization agreement"; (11) breach of contract; and (12) quiet title.

On May 21, 2020, although Plaintiffs had failed to show good cause for an extension of time to serve the Complaint on Defendants, the Court nonetheless extended the time to serve until June 4, 2020.   Dkt. No. 10.   On June 3, 2020, Plaintiffs filed various executed summonses, which purported to serve JPMC, CHF, AP, Kondo, and Ho.   *See* Dkt. Nos. 11-14.   As a result, on June 9, 2020, the Court did not, at that time, dismiss this case against those defendants.   Dkt. No. 15 at 2. However, because no summons had been returned executed with respect to MERS, the Court dismissed that defendant for failure to serve.   *Id*.

---

[1]Collectively, the above-named defendants are referred to herein as "Defendants."
[2]In the Complaint, both the fourth and fifth claims are designated as "Count V[.]"   Dkt. No. 1 at 45-46.   Herein, the Court refers to the former of those claims, sounding in "Fraud," as Claim 4, and the latter, for breach of contract, as Claim 5.

On June 22, 2020, AP and Kondo filed a motion to dismiss, arguing that the Complaint should be dismissed on the grounds of res judicata, the *Rooker-Feldman* doctrine,[3] failure to state a claim, and timeliness.   Dkt. No. 17.   On June 26, 2020, JPMC, CHF, and MERS filed a separate motion to dismiss, arguing that the Complaint should be dismissed due to res judicata, collateral estoppel, untimeliness, and failure to state a claim.   Dkt. No. 22.[4]   Thereafter, the Court scheduled a hearing on both motions to dismiss for July 31, 2020.   Dkt. Nos. 18, 25.   As a result, pursuant to Local Rule 7.2, a response to both motions was due on or before July 10, 2020.   No response was timely filed, however.

Instead, on July 28, 2020, almost three weeks after the pertinent deadline and after the vacatur of the hearing on the motions to dismiss, Plaintiffs filed two documents.   The first is a purported response in opposition to the motions to dismiss.   Dkt. No. 29.   The second is a very belated attempt to "set aside" the dismissal of MERS.   Dkt. No. 30.

This Order now follows.

---

[3]*Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).
[4]Subsequently, counsel withdrew the motion to dismiss on behalf of MERS in light of this Court's order dismissing MERS for failure to serve.   Dkt. No. 26.

## STANDARD OF REVIEW

### I.      Federal Rule of Civil Procedure 12(b)(1)

Defendants argue that the *Rooker-Feldman* doctrine prevents the Kawelos

from bringing their claims.   "The *Rooker-Feldman* doctrine recognizes that federal

district courts generally lack subject matter jurisdiction to review state court

judgments."   *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th

Cir. 2002) (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462

(1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923)).   A challenge to the Court's

subject matter jurisdiction is brought under Federal Rule of Civil Procedure

12(b)(1).   *See* Fed.R.Civ.P. 12(b)(1) (concerning lack of subject matter

jurisdiction); *see also Murray v. Dep't of Consumer & Bus. Services*, 2010 WL

3604657, at *9 n.4 (D.Or. Aug. 12, 2010) (applying Rule 12(b)(1) principles to a

*Rooker-Feldman* argument).

When presented with an argument under Rule 12(b)(1), "the district court is

ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior

to trial, resolving factual disputes where necessary."   *Augustine v. United States*,

704 F.2d 1074, 1077 (9th Cir. 1983).   Where the court considers evidence outside

the pleadings for this purpose, "[n]o presumptive truthfulness attaches to plaintiff's

allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id*.

## II.    Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff." *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886-887 (9th Cir. 2018) (quotation omitted).

## III.   Pro Se Status

Because the Kawelos are proceeding pro se, the Court liberally construes the Complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant or supply the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). In addition, even pro se litigants must

5

follow this Court's Local Rules and the Federal Rules of Civil Procedure.   *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896, 925, 928 (9th Cir. 2012).

"Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."   *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).   A court, however, may deny leave to amend where, *inter alia*, further amendment would be futile.   *E.g.*, *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## DISCUSSION

Because the *Rooker-Feldman* doctrine has been raised in this case, and because it is jurisdictional, the Court addresses that issue first.   The Court then addresses any claims that are not barred by *Rooker-Feldman*.

## I.    *Rooker-Feldman*

The Ninth Circuit Court of Appeals has described the *Rooker-Feldman* doctrine as follows:

> *Rooker-Feldman* is a powerful doctrine that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgments: If claims raised in the federal court action are 'inextricably intertwined'

with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction.

*Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).   "Essentially, the doctrine bars state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced from asking district courts to review and reject those judgments."   *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007) (quotation omitted).   However, "[p]reclusion, not *Rooker-Feldman*, applies when a federal plaintiff complains of an injury that was not caused by the state court, but which the state court has previously failed to rectify."   *Id*. at 614 (quotation and internal quotation omitted).

Here, attached to the motions to dismiss are various documents from a case before the First Circuit Court of the State of Hawaiʻi and a related appeal to the Intermediate Court of Appeals (ICA).   Because these documents concern the property at issue in this case, because they are from judicial proceedings in the State of Hawaiʻi, and because there has been no dispute that the documents are from a relevant State case, the Court takes judicial notice of the pertinent documents from the First Circuit Court and the ICA (Dkt. Nos. 22-3, 22-5, 22-8).   *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir.

7

1992) (explaining that a court "may take notice of proceedings in other courts, both

within and without the federal judicial system, if those proceedings have a direct

relation to matters at issue.") (quotation omitted).[5]

The case before the First Circuit Court is *JPMorgan Chase Bank, N.A. v.*

*David Lukela Kawelo, Sr., et al.*, Civil No. 12-1-1632-06, and the related appeal is

*JPMorgan Chase Bank, N.A. v. David Lukela Kawelo, Sr., et al.*, No.

CAAP-18-0000709.   In July 2013, in those proceedings, the First Circuit Court

found that JPMC was the current holder of a note and mortgage on the subject

property,[6] the mortgage was a valid first lien against the same, and JPMC was

entitled to foreclose on the mortgage and sell the property after the Kawelos failed to

cure a default.   Dkt. No. 22-3 at 3-4.   Further, in October 2018, the First Circuit

Court confirmed the sale of the property to Cui Mei Ho and, from the date of closing,

"forever barred and foreclosed" the Kawelos from any interest in the property.   Dkt.

No. 22-5 at 4-5.   On June 21, 2019, the ICA affirmed the confirmation of sale to Ho.

In doing so, the ICA rejected the Kawelos' claims that JPMC lacked standing to

---

[5]Although not attached to the motions to dismiss, the Court also takes judicial notice of Plaintiffs'
Opening Brief and Reply Brief filed with the ICA, which are attached to this Order, respectively,
as Exhibits 1 and 2.
[6]The record reflects, and the parties agree, that the subject property is located at 86-906 Ihuku
Street, Waianae, HI 96792.   Dkt. No. 22-3 at ¶ 2; Dkt. No. 1 at ¶ 49; Dkt. No. 17 at 3; Dkt. No. 22
at 2.

foreclose on the property and that the foreclosure action was premature.   Dkt. No.

22-8 at 5-6.

In this light, in all but two possible respects, the causes of action asserted in

the Complaint either ask this Court to overturn judgments of the Hawaiʻi state courts

or are inextricably intertwined with such judgments.   First, the *Rooker-Feldman* bar

is of noticeable applicability with respect to those claims that directly ask this Court

to vacate or cancel orders entered in the above-mentioned state court proceeding

between the Kawelos and JPMC.   For example, Plaintiffs ask this Court to declare

the foreclosure of their property wrongful, cancel trustee deeds entered in the state

court proceeding, and vacate the foreclosure sale.   Dkt. No. 1 at 58.   The claims

that seek this relief–specifically, Claim 1 ("Wrongful Sale of Subject Property"),

Claim 8 ("Hawaii Bureau of Conveyance Regulations Violations"), Claim 9

("Improper Restrictions Resulting from Securitization Leaves Note and Mortgage

Unenforceable"), Claim 10 ("Wrongful Conversion of Note – Violation of the

Securitization Agreement"), and Claim 12 ("Quiet Title")–are, thus, barred under

*Rooker-Feldman*.

Second, additional claims in the Complaint are barred under *Rooker-Feldman*

because they are inextricably intertwined with the decisions in the state proceedings

because adjudication of those claims would undercut rulings of the state courts.   In

9

Claims 2 and 4, both of which rely on "Fraud[,]" Plaintiffs allege that JPMC

fraudulently misrepresented that they were "financially qualified" to make the

payments on their loan, and that they would receive "all relevant documents" after

executing the note. Plaintiffs also allege that the terms of their loan were

concealed. Dkt. No. 1 at ¶¶ 89, 92, 106-107. Favorable adjudication of these

claims, however, would undercut the First Circuit Court's finding that the mortgage

was a valid first lien against the subject property and are, thus, inextricably

intertwined with the same for purposes of *Rooker-Feldman*.[7]

In Claims 5 and 11, both of which rely on "Breach of Contract[,]" Plaintiffs

allege that JPMC failed to provide mandatory disclosures with respect to their loan,

did not obtain their written approval of the loan, failed to provide a loan

modification or relief, and engaged in an "erroneous assignment" of the loan. *Id*. at

¶¶ 115, 150-151. Favorable adjudication of these claims too would undercut

various findings from the First Circuit Court and the ICA, including the First Circuit

Court's findings that JPMC was the current holder of the note and mortgage after an

assignment, the mortgage was a valid first lien on the property, and the note was

---

[7]For the same reasons, Claim 7, which states that "[i]f the above mentioned wrongful acts…were not fraudulent misrepresentations," they would at least be "mistakes," is also barred under *Rooker-Feldman*.

duly executed by the Kawelos, as well as the ICA's conclusion that Plaintiffs' claims concerning loan modification and standing were barred by res judicata.[8]

The only remaining claims are Claim 3 and Claim 6.   Claim 3 alleges various unfair or deceptive acts or practices under Hawai'i Revised Statutes Sections 480-2 and 481A-3.   The only ground upon which JPMC moves to dismiss this claim is the statute of limitations.   Dkt. No. 22-1 at 16-17.   While AP and Kondo appear to assert a blanket *Rooker-Feldman* defense as to *all* claims, *see* Dkt. No. 17 at 13-14, no explanation is made why this claim (or Claim 6) are barred by the doctrine. With respect to Claim 3, based upon the Court's review of the record at this stage in the proceedings, resolution of this claim may not necessarily undercut any findings made by the First Circuit Court or the ICA, at least to the extent the Kawelos seek statutory penalties for any alleged violation of the relevant statutory provisions. *See* Dkt. No. 1 at ¶ 103.[9]

---

[8]The Court notes that review of Plaintiffs' briefs filed with the ICA reflect that they extensively argued issues concerning the modification of their loan and the allegedly deficient assignment of the note and mortgage to JPMC.   *See* Exh. 1 at 5-7, 10-11, 14-15; Exh. 2 at 4-5, 12-13.   Thus, to the extent the foregoing claims may not be considered "inextricably intertwined" with rulings of the First Circuit Court or the ICA, they would still be barred under *Rooker-Feldman* because the state courts have considered and rejected Plaintiffs' claims.   *See Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859-860 (9th Cir. 2008) (concluding that claims alleging an illegal act by the adverse party were barred under *Rooker-Feldman* because the claims were "separately litigated before and rejected" by the state court).

[9]However, to the extent the Kawelos seek to void the mortgage or note, *see* Dkt. No. 1 at ¶ 102, that would be barred by *Rooker-Feldman*, in light of the First Circuit's findings that the mortgage was a valid first lien against the property and JPMC was entitled to foreclose on the mortgage.

As for Claim 6, Plaintiffs allege that JPMC has been unjustly enriched by using, among other things, their identities and credit scores to charge "a higher interest rate, higher fees, rebates, kickbacks, profits and gains from any resale of mortgages and notes…." Dkt. No. 1 at ¶ 120. Again, based upon the Court's review of the record at this stage of proceedings, that issue does not appear to be related to any ruling in the state court proceeding, and, thus, for present purposes, it would not undercut the same.[10]

Therefore, because Claims 3 and 6 may not be barred by the *Rooker-Feldman* doctrine, the Court turns to Defendants' other defenses.

## II.   <u>Statute of Limitations</u>

Defendants also move to dismiss Plaintiffs' claims on the ground that they are barred by applicable statutes of limitation.

As discussed, Claim 3 concerns unfair or deceptive practices under Sections 480-2 and 481A-3. The statute of limitations for actions under those provisions is four years. Haw. Rev. Stat. § 480-24; *Flynn v. Marriott Ownership Resorts, Inc.*, 165 F. Supp. 3d 955, 964 (D. Haw. 2016) (determining that claims under Section

---

[10]In its motion to dismiss, although JPMC does not rely upon *Rooker-Feldman*, it does argue that Claim 6 is barred by res judicata because the state courts determined that it had the right to enforce the note and mortgage. Dkt. No. 22-1 at 18-19. The Court, however, reads the Complaint differently than JPMC. Rather than alleging that JPMC was "unjustly enriched by a judicially-determined foreclosure[,]" *id.* at 19, the Complaint appears to allege that JPMC was unjustly enriched by using Plaintiffs' personal information to obtain some form of monetary benefit.

12

480-2 and Section 481A-3 are subject to the four-year statute of limitations in Section 480-24). In addition, courts in this District have determined that Section 480-24's "statute of limitations period starts to run upon the occurrence of the defendant's alleged violation." *Lowther v. U.S. Bank N.A.*, 971 F. Supp. 989, 1008 (D. Haw. 2013) (brackets omitted). Here, the allegations underlying Claim 3 all appear to concern the origination of the loan the Kawelos received to purchase the subject property, something which is alleged to have occurred in May 2008. Dkt. No. 1 at ¶¶ 56, 97. The Complaint, however, was filed in November 2019, considerably more than four years after May 2008. Nonetheless, courts in this District have also determined that the four-year statute of limitations "may be tolled based on the equitable tolling doctrine of fraudulent concealment." *Lowther*, 971 F. Supp. 3d at 1010 (quotation omitted). In the Complaint, although alleged with respect to a different claim, Plaintiffs appear to allege some form of "concealment" that they argue should warrant "equitable tolling of the statute of limitations…." Dkt. No. 1 at ¶ 92. Even here, however, Plaintiffs confirm that they "learned" of the alleged concealment no later than January 2013. *Id*. Accepting all this as true, January 2013 is still more than four years before November 2019. Therefore, Claim Three is barred by the applicable statute of limitations.

As for Claim 6, as discussed, it concerns unjust enrichment.   In Hawaiʻi,

claims of unjust enrichment are subject to a six-year statute of limitations pursuant

to Hawaiʻi Revised Statutes Section 657-1.   *Honolulu Acad. of Arts v. Greene*, 2016

WL 4522667, at *6 (D. Haw. Aug. 29, 2016).   Here, although it is not precisely

clear when the alleged acts underlying this claim took place, at the very least, it

appears that they took place *before* the initiation of the state court proceeding

between the Kawelos and JPMC.   *See* Dkt. No. 1 at ¶ 120.   In the Complaint, it is

alleged that proceeding began in June 2012.   *See id.* at ¶ 54; Dkt. No. 22-1 at 1.

That date is more than six years before the start of this lawsuit.   In addition, in light

of the discussion above, this claim is not saved by the operation of the sole alleged

basis for equitable tolling.   Therefore, this claim is also barred by the applicable

statute of limitations.

## III.   Plaintiffs' July 28, 2020 Filings

### A.   The Late-Filed Response

Plaintiffs' response, although almost three weeks late, adds nothing to the

foregoing discussion of their claims.   For the most part, the response appears to

constitute regurgitations of newspaper articles concerning alleged misdeeds of

JPMC, while having no specific relationship to this case.   *See generally* Dkt. No. 29

at 4-10.   The only relevant statement of note in the response is Plaintiffs' bald

14

assertion that their claims are "not barred by the statute of limitations nor are they

barred by the doctrines of Rooker-Feldman, res judicata and collateral estoppel…."

*Id*. at 11-12.  Given that this statement has no explanation of *why* those defenses do

not apply here, it is obviously of little help to Plaintiffs' cause.  Therefore, the Court

does not find that anything in the late-filed response affects the analysis herein.

### B.      The Motion to Set Aside Dismissal

In the motion to set aside dismissal, Dkt. No. 30, Plaintiffs asks this Court to

set aside the dismissal of MERS for failure to timely serve the Complaint.

Plaintiffs assert that they have contacted a process server to serve MERS, and appear

to contend that they are attempting to serve MERS by certified mail.  Plaintiffs ask

for an unspecified extension of time to serve MERS.  Alternatively, Plaintiffs

appear to ask for a directive from this Court instructing counsel to accept service for

MERS.

For the following reasons, the motion to set aside dismissal, Dkt. No. 30, is

DENIED.  First, although Plaintiffs previously failed to show good cause for an

extension of time to serve MERS, *see* Dkt. No. 10, the Court, largely because

Plaintiffs are pro se, gave Plaintiffs additional time.  Plaintiffs, however, failed to

use that extra time productively insofar as service on MERS is concerned.  In the

motion to set aside dismissal, Plaintiffs, again, fail to provide any "good cause" for

15

failing to serve MERS.   Moreover, given that Plaintiffs have had nine months to

serve MERS–far in excess of the 90 days permitted by Federal Rule of Civil

Procedure 4(m)–and waited for nearly two months to ask for a further extension of

time, the Court declines to exercise its discretion to further extend the time to serve.

*See Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (stating certain factors

that may be considered in deciding whether to extend the time to serve under Rule

4(m)).   Second, Plaintiffs provide no authority for the proposition that counsel for

MERS can be required to accept service of process on behalf of their client or that

MERS has authorized its counsel to do so.   *See* Fed.R.Civ.P. 4(e)(2)(C) (providing

that service may be made by, among other things, delivering a copy of the summons

and complaint "to an agent authorized by appointment or by law to receive service of

process.").

## IV.    <u>No Leave to Amend</u>

As stated earlier, leave to amend should not be allowed when amendment

would be futile.   Here, amendment of all of Plaintiffs' claims would be futile.

First, in light of the documents from the proceeding before the First Circuit Court

and the ICA, amendment of Claims 1-2, 4-5, and 7-12 would be futile because they

are foreclosed by the *Rooker-Feldman* doctrine.   Second, in light of the allegations

in the Complaint, amendment cannot cure the claims that are time-barred,   As

16

explained above, both claims are untimely brought under their applicable statutes of limitation. Moreover, as already alleged in the Complaint, equitable tolling cannot save those claims because Plaintiffs' own allegations demonstrate that equitable tolling ended by January 2013, more than six years before the start of this case. As a result, the Court declines to allow Plaintiffs leave to amend.[11]

## V.     Dismissal of Claims 1-2, 4-5, and 7-12 is Without Prejudice

Because the Court has found a lack of subject matter jurisdiction over Claims 1-2, 4-5, and 7-12 under the *Rooker-Feldman* doctrine, dismissal is **without** prejudice. *See Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) ("Dismissals for lack of jurisdiction should be without prejudice so that a plaintiff may reassert his claims in a competent court.") (quotation and ellipsis omitted); *Albrecht v. Demuniz*, 315 F. App'x 654, 654 (9th Cir. 2009) ("Dismissals under the *Rooker-Feldman* doctrine and for lack of standing are dismissals for lack of subject matter jurisdiction, and thus should be without prejudice.") (citations omitted).

---

[11]The same logic applies equally to Defendant Cui Mei Ho. In other words, to the extent Claims 1-2, 4-5, and 7-12 are asserted against Ho, those claims are barred by *Rooker-Feldman* and amendment would be futile. Further, to the extent Claims 3 and 6 are asserted against Ho, those claims are barred by the applicable statutes of limitation and amendment would be futile. Therefore, although Ho has not appeared in this case, the claims against Ho are also DISMISSED WITHOUT LEAVE TO AMEND.

17

## CONCLUSION

For the reasons set forth herein, AP and Kondo's motion to dismiss, Dkt. No. 17, and JPMC and CHF's motion to dismiss, Dkt. No. 22, are GRANTED.   The Complaint, Dkt. No. 1, is DISMISSED WITHOUT PREJUDICE with respect to Claims 1-2, 4-5, and 7-12, and WITH PREJUDICE as to Claims 3 and 6.   Dismissal is WITHOUT LEAVE TO AMEND.[12]

The Kawelos motion to set aside dismissal, Dkt. No. 30, is DENIED.

The Clerk is instructed to enter Judgment in favor of all Defendants pursuant to this Order and Dkt. No. 15.

IT IS SO ORDERED.

DATED: August 3, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

[12]Because the claims in this case are subject to dismissal without leave to amend for the reasons set forth herein, the Court declines to address the other arguments asserted by Defendants, such as AP and Kondo's defense under *Hungate v. Law Office of David B. Rosen*, 391 P.3d 1 (Haw. 2017). *See* Dkt. No. 17 at 15-17.